UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA MARIE SWAIZEY,

      Petitioner,

                                          Case No. 07-11776

v.

                                          Honorable Patrick J. Duggan

SUSAN DAVIS,

      Respondent.

_____/

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 9, 2009.

PRESENT:            THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Tanya Swaizey ("Petitioner"), a state prisoner currently confined at the Huron

Valley Women's Complex in Ypsilanti, Michigan, filed this *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 on April 24, 2007, alleging that she is

incarcerated in violation of her constitutional rights. Petitioner challenges her March 12,

2004, conviction for armed robbery (Mich. Comp. Laws § 750.89), possession of a

firearm by a felon (*id.* § 750.224f), and possession of a firearm during the commission of

a felony (*id.* § 750.227b) following a bench trial in Wayne County Circuit Court. In her

petition she asserts that there was insufficient evidence and that the trial judge failed to

state his factual findings with sufficient specificity to support those convictions. On

November 24, 2007, the government filed a response to the habeas petition.  On May 22,

2008, Petitioner filed a Motion for Default Judgment on grounds that the government

failed to file a timely response.  This Court referred the petition and motion to Magistrate

Judge Paul J. Komives for a report and recommendation.

On November 10, 2008, Magistrate Judge Komives issued his Report and

Recommendation ("R&R") recommending that this Court deny Petitioner's motion for

default judgment and her request for habeas relief.  Petitioner obtained an extension of

time to file her objections to the R&R which were then filed on December 17, 2008.

Petitioner proceeded paragraph by paragraph through the R&R listing objections to its

content.  Taken together, Petitioner appears to raise four objections.[1]  The parts of the

R&R to which objections are made will be reviewed by the Court *de novo*.  *See* FED. R.

CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  For the

reasons set forth below, the Court denies Petitioner's motion for default judgment and

application for the writ of habeas corpus.

## I. Use of Inaccurate Summation of Facts

Petitioner objects to the R&R's reliance on the statement of facts contained in the

Michigan Court of Appeals opinion regarding her case.  Petitioner contends that analysis

of her petition requires this Court to review the transcript from her bench trial.

Petitioner's main concern appears to be that the Michigan Court of Appeals's statement

---

[1]Although Petitioner objects to more than four paragraphs in the R&R, many of the
objections are duplicative or are simply more detailed iterations of prior objections.  The Court
believes that all of Petitioner's objections fall within one of four categories which will be
discussed below.

of facts does not list each topic on which Petitioner's counsel attempted to impeach the victim. The Court has reviewed the trial transcript and, although there were some minor variations in the victim's testimony, concludes that nothing in the transcript warrants a different outcome than that reached by Magistrate Judge Komives in the R&R.

## II. Late Responses Violate the Due Process Rights of Habeas Petitioners

Petitioner objects to Magistrate Judge Komives's recommendation that this Court deny her motion for default judgment. Petitioner specifically takes issue with Magistrate Judge Komives's conclusion that, in the context of habeas petitions, default judgments should not be entered solely on the ground that the government filed a late response. Petitioner argues that, when the government fails to file a timely response, it violates the due process rights of habeas petitioners. Not only does Petitioner fail to cite law in support of this argument, she entirely ignores the fact that the government filed a timely response in this case. Therefore, this objection lacks merit.

## III. Manifest Injustice, Unreasonable Determination of the Facts, and Insufficient Evidence

Petitioner's next objection appears in several different forms throughout the list of objections she submitted to the Court. The primary thrust of Petitioner's complaint is that the prosecution presented insufficient evidence to support her conviction and that her continued confinement amounts to a manifest injustice. Although Petitioner admits that Magistrate Judge Komives properly identified the clearly established federal law applicable to her argument, she contends that the analysis in the R&R ignores the foundation of her claim: that she was convicted "on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

2254(d)(2). Petitioner argues that this Court must reassess the issue of the victim's

credibility at trial to determine if her convictions were based on an unreasonable

determination of the facts.

In the context of a 28 U.S.C. § 2254 challenge to a state court conviction based on

insufficiency of the evidence, "the applicant is entitled to habeas corpus relief if it is

found that upon the record evidence adduced at the trial no rational trier of fact could

have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307,

324, 99 S. Ct. 2781, 2791-92 (1979). Accordingly, this Court reviews the evidence in the

light most favorable to the prosecution in considering Petitioner's claims. *See id.* at 324,

99 S. Ct. at 2792. This includes a presumption that the trier of fact resolved conflicts in

the evidence in favor of the prosecution. *Id.* at 326, 99 S. Ct. at 2793.

Having reviewed the trial transcript, this Court concludes that the trial judge's

decision–sitting as the trier of fact in a bench trial–to assign more credibility to the

victim's version of events over that of Petitioner did not amount to "an unreasonable

determination of the facts." Although there were minor variations in the victim's

testimony concerning such things as the number of rings stolen (four or five) and whether

she first described her assailant as male, female, or either, nothing in the trial transcript

rendered the victim's testimony incredible or unreasonable. Sitting as the trier of fact and

as the one able to view the testimony of the victim and other witnesses, the trial judge was

free to resolve issues of credibility as he did. Because the victim's testimony, if believed,

was sufficient to establish each element of the crimes charged against petitioner, the

4

prosecution presented sufficient evidence to sustain Petitioner's convictions.

In sum, this Court does not find that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to habeas relief on this issue.

**IV. The Lack of Specificity in the Trial Judge's Factual Findings Evidenced His Bias Against Petitioner**

In her final objection, Petitioner asserts that Magistrate Judge Komives misconstrued her second ground for habeas relief. In the R&R, Magistrate Judge Komives interpreted Petitioner's argument regarding the specificity of the trial judge's factual findings as a claim that the trial judge's failure to comply with Michigan court rules violated Petitioner's constitutional rights. Petitioner now asserts that she complained "that the trial court findings were insufficient in violation of local court rules in order to show the bias of the trial court." (Pet.'s Objs. at 7.) Petitioner maintains that the trial judge's statement that he found the victim credible lacked sufficient specificity in light of the fact that there was insufficient evidence to support her convictions. Having concluded that the prosecution presented sufficient evidence and having reviewed the trial transcript, this Court concludes that this objection lacks merit.

Therefore,

**IT IS ORDERED** that Petitioner's Motion for Default Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for a Writ of Habeas

Corpus is **DENIED**.

A judgment consistent with this opinion shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Tanya Swaizey
#268455
Huron Valley Women's Complex
3511 Bemis Road
Ypsilanti, MI 48197

Debra M. Gagliardi, Esq.